## FOR PUBLICATION



**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Special Assistant to the State Public Defender
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENIELLE R. PHARR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A05-1305-CR-223 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael R. Rader, Judge
Cause No. 84D05-1102-FD-609

**October 28, 2013**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Denielle R. Pharr appeals the trial court's revocation of her work release and reinstatement without credit time of the remainder of her sentence. She presents a single issue for review: whether the trial court exceeded its authority when it denied Pharr credit time for good behavior while on work release. We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On February 22, 2011, the State charged Pharr with resisting law enforcement, as a Class D felony; operating a vehicle while intoxicated endangering a person, as a Class A misdemeanor ("OVWI"); and failure to stop at an accident, as a Class B misdemeanor. On August 16, Pharr pleaded guilty to OVWI and resisting law enforcement, and the State dismissed the remaining count. The trial court subsequently sentenced her to one year for OVWI and three years for resisting law enforcement, to be served concurrently. The court ordered Pharr to serve eighteen months in a work release program and suspended the remaining eighteen months to formal probation.

On February 27, 2013, the State filed a petition to revoke Pharr's placement in the work release program. The State alleged that Pharr had watched YouTube videos when she was supposed to be searching for a job online, had not taken her medication as prescribed, had tested positive for benzodiazepines, and was in arrears $2051 for the cost of her community corrections placement. On April 4, the court held a hearing on the petition, and Pharr admitted that she had violated the terms of her direct placement. The

2

trial court then revoked her community corrections placement. The order provides, in relevant part:

> The Court finds [that Pharr] admits she violated the rules of the Work Release Program by taking only one-half of the prescribed dose of her medication, a violation of Rule #344 (Misuse of Medication). The Court finds [that Pharr] violated the rules of the Work Release Program by viewing You Tube [sic] videos during the time she was to be looking for employment, a violation of Work Release Rule #371 (Inadequate Work/Study Performance). The Court finds [that Pharr] violated the rules of the Work Release Program by testing positive for benzodiazepines, a violation of Rule #202 (Possession or Use of Controlled Substance). The Court finds [that Pharr] violated the rules of the Work Release Program for failure to pay fees totaling $2051.00, a violation of Rule #32.
>
> * * *
>
> The Court finds [that Pharr] failed to obtain employment from September 26, 2012[,] through February 27, 2013[,] when she was arrested on the Court's warrant and returned to the Vigo County Jail.
>
> The Court finds [that Pharr] has violated the terms of her Direct Placement in the Work Release Program and orders her to serve the balance of the original sentence, three years at the Indiana Department of Correction.
>
> The Court further finds [that Pharr] has consistently failed to abide by the rules of the Work Release Program by failing to obtain employment and for failing to pay her Work Release fees, warranting a loss of good time credit. The original sentence imposed gave [her] an alternative to incarceration in prison and allowed her to remain in the community to seek employment and to seek treatment for alcohol and drug dependency in a less restrictive environment than prison. [Pharr]'s conduct in viewing videos rather than seeking employment shows a disdain for the sentence imposed. <u>The Court orders loss of 155 days of good time credit for the period from September 26, 2012[,] through February 27, 2013</u>. [Pharr] is to receive credit for 155 days actually served at the Work Release Center.

Appellant's App. at 47-48. Pharr now appeals.

3

**DISCUSSION AND DECISION**

Pharr does not challenge the revocation of her community corrections placement, but she contends that the trial court erred when it denied her credit time[1] for the period she had served in the Work Release Program. Specifically, she argues that the trial court "did not have the authority to . . . deprive [her] of the credit time she earned in the work release center." Appellant's Brief at 7. We must agree.

Indiana Code Section 35-38-2.6-3 authorizes trial courts to "suspend a sentence and order a person to be placed in a community corrections program as an alternative to commitment to the department of correction." And Indiana Code Section 35-38-2.6-6(a) provides that a "person who is placed in a community corrections program is entitled to earn credit time under" Indiana Code chapter 35-50-6. But a person who is placed in a community corrections program "may be deprived of earned credit time as provided under the rules adopted by the department of correction under [Indiana Code chapter] 4-22-2." Ind. Code § 35-38-2.6-6(b).

We have interpreted Indiana Code Section 35-38-2.6-6(b) to mean that only the Department of Correction may deprive a community corrections participant of credit time earned under Indiana Code Section 35-38-2.6-6(a). In Campbell v. State, 714 N.E.2d 678 (Ind. Ct. App. 1999), overruled on other grounds, Robinson v. State, 805 N.E.2d 783 (Ind. 2004), the trial court denied Campbell's request for credit time for the period he had spent on work release. On appeal, we construed Indiana Code Section 35-38-2.6-5 to allow only the Department of Correction ("DOC") authority to deny credit time.

---

[1] By "credit time," Pharr means credit for behavior earned pursuant to Indiana Code Section 35-50-6-4 and, as here, Indiana Code Section 35-38-2.6-6(a).

4

<u>Campbell</u>, 714 N.E.2d at 683-85.  As such, we held that the trial court had exceeded its authority when it denied Campbell credit time for time spent on work release.  <u>Id.</u> at 683-84.  We also stated that "credit time should be initially determined by the DOC, not the trial court."  <u>Id.</u> at 682.

Subsequently, the Indiana Supreme Court in <u>Robinson</u> corrected that notion in <u>Campbell</u>, holding that the trial court "determines credit for time served as of the date of sentencing subject to modification by the DOC pursuant to statute, not that the DOC makes the initial determination of credit for time served."  805 N.E.2d at 792.  Although that statement in <u>Robinson</u> is phrased in terms of credit for the period of incarceration before sentencing, the supreme court's application of that rule to <u>Campbell</u>, a case involving credit time for the period served in a community corrections program, shows that the rule applies equally in such cases.

Here, the trial court denied Pharr credit time earned under Indiana Code Section 35-38-2.6-6 while she was in the Community Corrections Program.  But the statutes do not authorize trial courts to deprive offenders of credit time while in a community corrections program.  The trial court exceeded its authority in doing so.  <u>See</u> <u>Robinson</u>, 805 N.E.2d at 791-92.  The trial court was authorized only to determine the credit time earned while Pharr was in the community corrections program, and only the Department of Correction has authority to deprive Pharr of any of that credit time.  <u>See</u> <u>id.</u>  We acknowledge the State's argument that the Department of Correction evaluates credit time in such situations on a paper record and, as such, may not be in the best position to

5

determine whether credit time should be deprived. But we are bound by precedent and the language of the statutes as written.

The trial court did not have the authority to deprive Pharr of credit time earned while she was in the community corrections program under Indiana Code Section 35-38-2.6-6. As such, we reverse that part of the trial court's judgment and remand for the trial court to issue a revised abstract of judgment in compliance with this decision.

Reversed and remanded with instructions.

MATHIAS, J., and BROWN, J., concur.