**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 20 2015, 9:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRENT R. DECHERT**
Dechert Law Office
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| NATHANIEL J. RICHARDSON, )<br>  )<br> Appellant-Defendant, )<br>  )<br> vs. )<br>  )<br> STATE OF INDIANA, )<br>  )<br> Appellee-Plaintiff. ) | No. 34A02-1408-CR-564 |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Douglas A. Tate, Judge
Cause Nos. 34D03-1002-FD-165 and 34D03-1301-FD-61

**January 20, 2015**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Nathaniel Richardson appeals the sentencing orders issued by the trial court in two separate criminal causes. He argues that the trial court erroneously calculated the credit time to which he is entitled. Richardson also contends that the trial court abused its discretion by failing to enter a sentencing statement in the more recent of the two causes. We affirm in part, reverse in part, and remand for further proceedings.

FACTS

On January 13, 2012, Richardson pleaded guilty to class D felony operating a vehicle while intoxicated under cause number 34D03-1002-FD-165 ("FD-165").[1] The trial court sentenced Richardson to three years, to be served as follows: in-home detention for two years with good time credit, ninety days executed in the county jail, and nine months of probation, with credit given for seven actual days imprisonment during the pretrial phase. Richardson began serving his in-home detention term on January 28, 2012. On August 1, 2012, the trial court authorized Richardson to travel to Tennessee to visit family members from August 3 through August 7, 2012. To compensate for that leave time, the trial court added eight days[2] to his in-home detention term. As originally scheduled, Richardson would have finished in-home detention and reported to jail to serve the ninety-day term on February 3, 2013.

---

[1] Richardson had also pleaded guilty to class A misdemeanor operating while intoxicated, but the trial court vacated that conviction based on double jeopardy concerns.

[2] Richardson contends that the trial court intended to add four, rather than eight, actual days, but the CCS is clear that in exchange for the permission to travel, "Court further amends Defendant's IHD sentence to add 8 days." Appellant's App. p. 6.

On January 23, 2013, ten days before Richardson was to complete his in-home detention under FD-165, Richardson was charged with two new operating while intoxicated offenses under cause number 34D03-1301-FD-61 ("FD-61"). On January 24, 2013, the State filed a non-compliance petition under FD-165, alleging that Richardson had failed to comply with the conditions of the in-home detention agreement. On January 25, 2013, the trial court held a hearing on the petition, denied Richardson bond, and held Richardson in jail under FD-61.

Forty days later, on March 6, 2013, the trial court held another hearing on the non-compliance petition. The trial court granted Richardson a blanket bond for both FD-165 and FD-61 and authorized Richardson's release.[3] On March 15, 2013, the trial court found that the pretrial time Richardson had spent in jail under FD-61 satisfied the ninety-day commitment under FD-165. The State did not oppose this award of credit time.

Richardson was released from incarceration under the condition that he report to in-home detention immediately upon release. It appears that Richardson reported and served in-home detention from March 16, 2013, through March 21, 2014. The record is unclear, however, as to whether he was serving this in-home detention as his continuing sentence under FD-165 or as a condition of pretrial release under FD-61.

On February 25, 2014, Richardson admitted to the allegations of the non-compliance petition and pleaded guilty as charged in FD-61. On March 21, 2014, the

---

[3] As will be fully explained later in this opinion, it is unclear whether Richardson was actually released on March 6 or March 15.

State filed a second non-compliance petition related to Richardson's home detention commitment in FD-165, and Richardson was incarcerated as a result of the petition.[4] On March 25, 2014, Richardson admitted to the allegations of the second non-compliance petition. Richardson was incarcerated from March 21 through April 21, 2014, on the non-compliance petition, for a total of thirty-two days.

On April 22, 2014, the trial court entered a true finding on the two non-compliance petitions under FD-165.[5] On the same day, the trial court revoked the remaining balance of Richardson's sentence under FD-165:

> Defendant was to have completed 738 days on IHD [In-Home Detention]. The original sentence was for 730 days, however, the defendant went to Tennessee for 8 [sic] days and that was tacked on at the end of his sentence. Defendant did not receive good time credit as he did not qualify. Court imposes the balance of the defendant's 3 years suspended sentence with credit for time served in jail and on IHD. Credit time to be determined.

Appellant's App. p. 11. On May 7, 2014, the trial court issued the following order determining Richardson's credit time in FD-165:

> The defendant was to have completed 2 years on IHD and did not earn credit time so IHD was for an actual 730 days. An additional 8 days was tacked on at the end of 730 days as the defendant was allowed to travel out of state. Defendant served 729 days of the 2 years, leaving a balance of 9 days on IHD. Defendant has received 32 actual days HCCJC [jail] credit under [the second non-compliance petition in FD-165]. Defendant has a balance of 1 Year

---

[4] Originally, the State mistakenly filed the non-compliance petition in FD-61, but later corrected the error and the CCS reflects that the petition was related to FD-165 rather than FD-61. The petition alleged that Richardson had violated the rule of his home detention agreement prohibiting him from consuming or possessing alcohol or any other controlled substances.

[5] The CCS refers to a singular petition, but inasmuch as the trial court had not yet ruled on either pending petition, we infer that it ruled on both.

plus 9 days on IHD to serve. 374 days less the 32 [actual] days credit. Court now imposes 155 actual days [to be executed at the county jail]. Commitment under this cause to run consecutivley [sic] to [FD-61].

Id.

On April 22, 2014, the trial court vacated one of Richardson's convictions in FD-61 due to double jeopardy concerns. The remaining conviction in FD-61 was for class D felony operating a vehicle while intoxicated. The trial court sentenced Richardson to three years executed, with forty-three actual days credit for time served from January 23 through March 6, 2013. Richardson filed motions to correct error under both FD-165 and FD-61. The trial court denied both motions, and he now appeals.

## DISCUSSION AND DECISION

### I. Credit Time Calculation

Richardson argues that the trial court miscalculated the amount of credit time he has accumulated under both FD-165 and FD-61. For the purposes of this case,[6] with respect to pretrial credit, a person who is confined awaiting trial or sentencing earns one day of credit time for each day of confinement. Stephens v. State, 735 N.E.2d 278, 284 (Ind. Ct. App. 2000). On appeal, the defendant bears the burden of showing that the trial court erred in calculating the credit time. Gardner v. State, 678 N.E.2d 398, 401 (Ind. Ct. App. 1997).

---

[6] The credit time statute has since been amended in substance, with a new set of rules in place for convictions that occur after June 30, 2014. Ind. Code § 35-50-6-3.1. Because Richardson's convictions occurred before that date, we will apply the prior version of the statute.

With respect to credit for time spent in a community corrections program—here, in-home detention—a person who is placed in such a program as part of a sentence is entitled to earn credit time under Indiana Code chapter 35-50-6. Pharr v. State, 2 N.E.3d 10, 12 (Ind. Ct. App. 2013). That person, however, may be deprived of earned credit time as provided by rules adopted by the Department of Correction. Id. Only the Department of Correction may deprive a community corrections participant of earned credit time. Id. (holding that "the statutes do not authorize trial courts to deprive offenders of credit time while in a community corrections program" and instead the trial court is "authorized only to determine the credit time earned" by a defendant in such a program).

In this case, Richardson contends that he is entitled to credit time for six different periods of incarceration and in-home detention. We will consider each in turn.

### A. February 13-February 19, 2010

During these days, Richardson was incarcerated during the pretrial phase of FD-165. He is entitled to credit for seven actual days plus seven days of good time credit, for a total of fourteen days, to be applied to FD-165. The trial court afforded him with fourteen days of credit for this period of time, and we find no error on this basis.

### B. January 24, 2012-August 2, 2012 and August 8, 2012-January 22, 2013

Richardson spent this period of time on in-home detention under FD-165. He was given permission by the trial court to travel out of state from August 3 through August 7, 2012, and does not receive credit for those five days. Therefore, Richardson is entitled to

6

192 actual days for January 24 through August 2, 2012, and to 168 actual days for August 8, 2012, through January 22, 2013, for a total of 360 actual days credit to be applied to FD-165.

In theory, Richardson is also entitled to good time credit for the time spent on in-home detention. And indeed, his initial sentencing order in FD-165 specifies that he was sentenced to two years in-home detention "with good time credit." Appellant's App. p. 4. In 2014, however, when ruling and sentencing on the two non-compliance petitions, the trial court noted both that Richardson "did not receive good time credit as he did not qualify" and that Richardson "did not earn credit time" while on in-home detention. Id. at 11.

Two things are ambiguous from the record. First, it is unclear whether the trial court actually revoked Richardson's good time credit or, instead, whether it was merely reporting what had occurred within the community corrections program. Second, it is unclear from the record whether the Howard County Superior Court supervises Community Corrections in Howard County. If that were the case, then the trial court would, in theory, be authorized to revoke Richardson's good time credit. We agree with the State that in this case, Richardson admitted to a violation of his in-home detention agreement and, as such, is subject to a loss of good time credit. But it is unclear whether the entity that made that determination in this case was authorized to do so. Therefore, we remand with instructions to make a clear record about who made this determination and why it was made.

7

## C. January 23, 2013-March 6 or 15, 2013

On January 23, 2013, Richardson was arrested on new charges under FD-61. The State filed a non-compliance petition the next day, and the trial court ordered that he be held without bond. There are two issues related to this period of imprisonment. The first issue is how long he was incarcerated and the second issue is whether the credit time for this period should be applied to FD-165, FD-61, or both.

Regarding the length of incarceration, we are unable to discern the end date from the record. On March 6, 2013, the trial court issued a blanket bond for both offenses. The record shows that the bond was posted on March 6, 2013, and the State contends that Richardson was released on that date. But the record also shows that on March 11, the trial court ordered that Richardson "be transported" to a March 15, 2013, hearing, and at that hearing, Richardson appeared "in custody of" the sheriff's department. Appellant's App. p. 8. The CCS further states that on March 15, 2013, it "authorizes the Defendant released." Id. It may very well be, therefore, that Richardson was not actually released until March 15, in which case he would be entitled to credit time for March 6 through March 15. As the trial court found, Richardson is entitled to forty-three actual days plus forty-three good time credit days for the period between January 23 and March 6, 2013. We remand for the trial court to determine Richardson's actual release date, and if he was not released until March 15, 2013, to award him with an additional nine actual days plus nine good time credit days for March 7 through March 15. We also remand for clarification of the CCS entry referred to in footnote 5.

Regardless of the length of imprisonment, it must also be determined whether the credit time should be applied to FD-165, FD-61, or both. The trial court applied the days to both causes. In FD-61, the trial court gave credit for forty-three actual days (representing January 23 through March 6). Appellant's App. p. 125. And in FD-165, the trial court found that the time that Richardson was imprisoned during this period satisfied the 90-day executed portion of his sentence in that cause. Id. at 8.

On appeal, the State directs our attention to authority standing for the proposition that when, as here, a defendant is incarcerated on multiple offenses, and is ordered to serve those sentences consecutively, he is not entitled to double credit for his period of incarceration. French v. State, 754 N.E.2d 9, 17 (Ind. Ct. App. 2001). The CCS reveals that the State did not oppose Richardson's request to have the credit time applied to FD-165 such that it satisfied his ninety-day executed term. Appellant's App. p. 8. Therefore, the State may not argue at this stage that the credit should not apply to FD-165. As for FD-61, the transcript reveals that neither the parties nor the trial court discussed whether the credit time should also be applied to that cause. The trial court's order merely assumes that it would be the case. Id. at 125.

Given the well-established authority providing that under these circumstances, a defendant is not entitled to double credit, we find that it was erroneous to apply credit time for the period of incarceration beginning on January 23, 2013, to FD-61. Richardson concedes this point. Appellant's Br. p. 11. We reverse to the extent that the trial court applied forty-three actual days credit time to FD-61, and remand with

9

instructions to determine the precise end date of this period of incarceration and recalculate the days to be applied to FD-165, if necessary.

### D.  March 16, 2013-March 21, 2014

The record reveals that between March 16, 2013, and March 21, 2014, Richardson was on in-home detention.  The record does not reveal, however, under which cause he was serving this time.  The CCS states that the in-home detention is a "condition of release on bond," but the blanket bond covered both FD-165 and FD-61.  Appellant's App. p. 7.  The CCS also notes that Richardson's original commitment—presumably, FD-165—"shall commence this date with defendant being released upon completion." Id.  In other words, we simply cannot tell from the CCS whether the in-home detention was being served under FD-165 or FD-61.  As a result, we cannot determine to which cause these 370 actual days credit time should be applied.

This difference is not purely academic.  If Richardson was serving this time as pretrial in-home detention under FD-61, he is not entitled to credit time.  See Molden v. State, 750 N.E.2d 448, 451 (Ind. Ct. App. 2001) (holding that "pretrial home detention detainees are not entitled as a matter of law to receive credit for time served on home detention toward any eventual sentence").  Consequently, we remand with instructions to determine under which cause Richardson served in-home detention between March 16, 2013, and March 21, 2014, and recalculate credit time accordingly, if necessary.

### E.  March 21, 2014-April 21, 2014

On March 21, 2014, Richardson was arrested after the State filed the second non-compliance petition in FD-165.  He remained incarcerated until April 21, 2014.  He is entitled to credit for these thirty-two actual days, plus good credit time of thirty-two days, for a total of sixty-four days, to be applied to FD-165.  The trial court did so, and we find no error on this basis.

In sum, we remand for further proceedings to make the following determinations and changes: (1) determine who decided that Richardson was not entitled to good time credit for the period of in-home detention between January 2012 and January 2013, and whether that entity had authority to make that determination, recalculating credit time if necessary; (2) determine whether Richardson was released on bond on March 6 or March 15, 2013, recalculating credit time if necessary; (3) remove the forty-three actual days credit time from Richardson's FD-61 sentence; and (4) determine under which cause Richardson was serving in-home detention between March 2013 and March 2014, recalculating credit time if necessary.

### II.  Sentencing

Finally, Richardson argues that the trial court abused its discretion in sentencing him in FD-61 because it failed to make a sentencing statement or identify aggravators and mitigators.  Sentencing is a discretionary function of the trial court, and we afford considerable deference to the trial court's judgment.  Eiler v. State, 938 N.E.2d 1235, 1238 (Ind. Ct. App. 2010).  When sentencing a defendant for a felony, the trial court must

11

enter a sentencing statement "including reasonably detailed reasons or circumstances for imposing a particular sentence." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. Even if the trial court has abused its discretion—by, for example, neglecting to enter a sentencing statement—we will remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." Id. at 491.

Here, the trial court neglected to enter a sentencing statement and failed to explain its reasoning at the sentencing hearing. Under Anglemyer, that is an abuse of discretion. Our analysis does not end there, however, inasmuch as we must consider proper factors with support in the record.

Richardson pleaded guilty to a class D felony. As such, he faced a sentence of six months to three years imprisonment, with an advisory term of one and one-half years. Ind. Code § 35-50-2-7. The trial court imposed the maximum three-year term.

Richardson has a lengthy criminal history. He has amassed convictions for seven misdemeanors, including two for battery and two for operating while intoxicated. He has accumulated four felony convictions: class D felony possession of cocaine, two out-of-state felony convictions for bail jumping, and class D felony operating while intoxicated in FD-165. He has admitted to at least five instances of non-compliance with terms of community corrections and/or probation. According to the presentence investigation report, many of the instances of non-compliance involved consuming alcohol. Appellant's App. p. 194.

12

Richardson pleaded guilty in FD-61, which is entitled to some mitigating weight. But his lengthy adult criminal history includes multiple substance-use-related offenses, spans multiple states, and evinces an individual with little respect for the law, his fellow citizens, or the safety of his community. Richardson has been given multiple chances in the past and he has repeatedly violated the terms of more lenient sentences. Under these circumstances, we are confident that if we were to remand this cause for a sentencing statement, the trial court would reach the same result and impose a maximum three-year sentence. Consequently, we decline to remand for a sentencing statement and instead affirm the sentence.

The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

VAIDIK, C.J., and RILEY, J., concur.