## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 14 2015, 10:01 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jeffrey Elftman
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stephen A. Jones

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 14, 2015

Court of Appeals Case No.
34A05-1412-CR-551

Appeal from the Howard County
Superior Court 1
Honorable William C. Menges,
Judge

Cause No. 34D01-1008-FB-698

**Friedlander, Judge.**

[1] Stephen A. Jones presents a single issue on appeal, whether the trial court erred in its determination of credit time.

[2] We reverse and remand with instructions.

[3] On August 19, 2010 Jones was charged in Howard County with three counts of dealing in a schedule I controlled substance as a class B felony, possession of a controlled substance as a class D felony, neglect of a dependent as class D felony, and two counts of dealing in marijuana as a class A misdemeanor. On January 19, 2011, Jones pleaded guilty to two counts of dealing in a schedule I controlled substance as a class B felony and one count of possession of marijuana as a class A misdemeanor. Jones was sentenced to an aggregate term of ten years in the Department of Correction (DOC), with four years suspended to supervised probation. At the time of sentencing Jones was given one hundred credit days.

[4] On October 25, 2011, Jones filed a petition to modify his sentence to supervised probation or home detention. The petition was granted on December 21, 2011, and Jones was ordered to complete the Howard County Community Transition Program (CTP) before serving 499 executed days on home detention. While participating in the CTP and on home detention, Jones was on GPS monitoring. He received 2 sanctions resulting in incarceration for 6 actual days and a total of 12 credit days. On July 2, 2014 the State filed a petition to revoke Jones's suspended sentence because he was terminated from the CTP. Jones admitted the alleged violations on October 9, 2014, and the court imposed the remaining 2866 days of his suspended sentence, to be served in the DOC. Jones received credit time for 282 days spent awaiting the disposition of the termination and probation revocation and for the 12 days of jail sanctions. The trial court determined, "he's not entitled to credit time on CTP, and

number two, to the extent that he was on a bracelet as a condition of probation, he's not entitled to credit time for that either." *Transcript* at 12, 3. As a result, the trial court did not award him any credit time for time spent on home detention and GPS monitoring. On October 29, 2014, Jones filed a motion to correct errors, which the trial court denied. Jones now appeals.

[5] Jones argues that the trial court erred in not awarding him credit time for the time he spent on home detention and GPS monitoring. We agree. We review the trial court's factual determinations for an abuse of discretion, and its legal conclusions de novo. *Strowmatt v. State*, 779 N.E.2d 971 (Ind. Ct. App. 2002). On appeal, the defendant bears the burden of showing that the trial court erred in calculating the credit time. *Gardner v. State*, 678 N.E.2d 398 (Ind. Ct. App. 1997).

[6] With respect to credit for time spent in a community corrections program— here, in-home detention—a person who is serving a criminal sentence and placed in such a program is entitled to earn one day of credit time for each day the person is on home detention, plus any earned credit time. *See* I.C. § 35–38-2.6-6(b); *Pharr v. State*, 2 N.E.3d 10 (Ind. Ct. App. 2013). That person, however, may be deprived of earned credit time as provided by rules adopted by the DOC. *See* I.C. § 35–38–2.6–6(d). Only the DOC may deprive a community corrections participant of earned credit time. *Pharr v. State*, 2 N.E.3d 10, 12 (Ind. Ct. App. 2013) (holding that "the statutes do not authorize trial courts to deprive offenders of credit time while in a community corrections program"

and instead the trial court is "authorized only to determine the credit time earned" by a defendant in such a program).

[7] The State and Jones agree that Jones is entitled to credit time for his time on home detention and under GPS monitoring. Jones and the State disagree, however, as to the number of credit-time days to which he is entitled and whether he is eligible for good-time credit. Jones argues he is eligible for 1028 actual days and 1028 good-time credit days spent on electronic monitoring for an aggregate of 2056 credit days. The State argues he spent only 875 actual days on electronic monitoring and home detention and that we must remand for a determination by the DOC as to whether he is entitled to good-time credit, and, if so, how many days should be awarded.

[8] Two critical pieces of information are ambiguous in the record. First, it is unclear whether the DOC made a determination as to whether Jones was entitled to good-time credit. Second, it is unclear from the record whether the Howard County Superior Court supervises Community Corrections in Howard County and thus is entitled to make a determination of good-time credit. If that were the case, then the trial court would, in theory, be authorized to determine whether Jones is entitled to good-time credit. *Robinson v. State*, 805 N.E.2d 783 (Ind. 2004). We note that Jones admitted to a violation of his in-home detention and, as such, is subject to a loss of good-time credit. But it is unclear whether the entity that made the determination to deny Jones credit time in this case was authorized to do so. Therefore, we remand with instructions to

identify the entity statutorily authorized to make a credit-time determination with respect to Jones's sentence and that said entity make that determination.

[9] We conclude that Jones is entitled to credit for actual time served on in-home detention and electronic monitoring. We remand with instructions to determine how much time he actually served and to include any good-time credit that the appropriate entity determines Jones should receive.

[10] Judgment reversed and remanded.

Baker, J., and Najam, J., concur.