

FILED

Jan 30 2017, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard D. Shepard,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 30, 2017

Court of Appeals Case No.
84A01-1606-CR-1309

Appeal from the Vigo Superior
Court.
The Honorable David R. Bolk,
Judge.
Cause No. 84D03-1202-FB-468

**Sharpnack, Senior Judge**

## Statement of the Case

[1]     Richard D. Shepard appeals the sentence the trial court imposed after revoking his placement in a county community corrections program.  We affirm.

# Issue

[2] Shepard raises one issue, which we restate as: Whether the trial court erred in denying Shepard good time credit for days served in community corrections.

# Facts and Procedural History

[3] Shepard pleaded guilty to dealing in cocaine, a Class B felony. On May 16, 2013, the trial court imposed a sentence of eleven years. On July 30, 2015, Shepard filed a motion for sentence modification. The State did not object. On October 1, 2015, the trial court granted Shepard's motion, ordering him to serve his sentence on work release through the Vigo County Community Corrections program.

[4] Shepard was released from the Department of Correction and began serving his sentence through the community corrections program. He subsequently committed several violations of the program's rules, including several incidents where he left the facility, allegedly to go to work, but was not needed at work on those days and did not satisfactorily account for his time. As a result, program officials held several administrative hearings and repeatedly took away portions of Shepard's earned credit time as punishment, ultimately depriving him of a total of 225 days.

[5] On April 20, 2016, the State filed a motion to revoke Shepard's probation and placement in community corrections. The trial court held an evidentiary hearing and concluded that Shepard had violated the conditions of probation.

The court ordered Shepard to serve the balance of his sentence in the Department of Correction.

[6] In the course of calculating Shepard's credit time, the court noted that Shepard was entitled to credit for 190 days served at the work release center from October 15, 2015 through April 21, 2016. The court further noted Shepard "lost earned credit time of two hundred twenty-five (225) days while at the Work Release Center." Appellant's App. p. 243. As a result, the court's abstract of judgment reflects an accrued time credit of 190 days, but zero days of good time credit, for days served on work release. This appeal followed.

## Discussion and Decision

[7] Shepard does not challenge the trial court's revocation of his probation or the court's determination that he should serve the balance of his suspended sentence. Rather, Shepard argues the trial court erred by denying him 190 days of good time credit for the days he served in the community corrections program. The State responds that the trial court properly excluded good time credit from Shepard's sentence because he repeatedly violated the program's rules and the program, not the court, deprived him of 225 days for those violations.[1]

---

[1] The State also argues that Shepard waived this claim by failing to object at the sentencing hearing. We disagree and choose to address Shepard's claim on the merits.

[8] Offenders who are placed in a community corrections program earn credit time similar to offenders who are housed in the Department of Correction. Ind. Code § 35-38-2.6-6(c) (2015). In general, credit time is a matter of statutory right. *Senn v. State*, 766 N.E.2d 1190, 1201 (Ind. Ct. App. 2002). Nevertheless, "A person who is placed in a community corrections program under this chapter may be deprived of earned good time credit as provided under rules adopted by the department of correction under IC 4-22-2." Ind. Code § 35-38-2.6-6(d). Furthermore, the Department of Correction may also take away credit time from a person serving a sentence in a community corrections program. *See* Ind. Code §§ 11-11-5-1 (2010), 11-11-5-3 (2015).

[9] Shepard argues that the Vigo County Community Corrections program lacked the authority to revoke his good time credit. We disagree. In Indiana, community corrections programs may be managed by counties as well as the Department of Correction. Ind. Code § 35-38-2.6-2 (1994). Further, Indiana Code section 35-38-2.6-6 provides that a person's good time credit may only be taken away in compliance with rules adopted by the Department of Correction, but it does not follow that only the Department, and not local community corrections programs, may take away good time credit.

[10] In addition, the record does not indicate that the Vigo County Community Corrections Program failed to comply with procedures designed to provide due process. To the contrary, at the evidentiary hearing on the State's petition to

revoke, a case manager for the community corrections program testified that Shepard received an administrative evidentiary hearing each time the program claimed he had violated the rules and sought to take away good time credit. In any event, it is too late for Shepard to challenge the program's disciplinary decisions, because any appeals should have occurred when the decisions were made to revoke portions of his good time credit.

[11] The trial court, in refusing to give Shepard good time credit for his incarceration in the community corrections program, merely took account of the program's disciplinary decisions and gave them effect in the sentencing order. Shepard cites *Pharr v. State*, 2 N.E.3d 10 (Ind. Ct. App. 2013), to claim that the trial court's decision was inappropriate, but that case is distinguishable. In *Pharr*, the sentencing court noted the defendant had repeatedly violated the terms of her placement in a community corrections program and, independent of any decision by the program, ordered that she would not receive good time credit for a portion of the time she served in community corrections. A panel of this Court determined that only the Department of Correction, not the trial court, was authorized to deprive a defendant of credit time earned while in a community corrections program, and reversed the trial court. *See id.* at 12 (discussing *Campbell v. State*, 714 N.E.2d 678 (Ind. Ct. App. 1999) (*overruled in part on other grounds* by *Robinson v. State*, 805 N.E.2d 783 (Ind. 2004)).

In the current case, the trial court did not choose to deprive Shepard of good credit time as a sua sponte sentencing consideration but instead acknowledged the community correction program's disciplinary decisions and incorporated them into the final judgment. Requiring the trial court to ignore the program's deprivation of Shepard's credit time for his violations of the rules would have effectively nullified the program's disciplinary decisions. *Pharr* is distinguishable and does not compel reversal of the trial court's decision.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

Bailey, J., and Bradford, J., concur.