## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2017, 8:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony Thigpen, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 31, 2017

Court of Appeals Case No.
84A05-1611-CR-2643

Appeal from the
Vigo Superior Court

The Honorable
John T. Roach, Judge

Trial Court Cause Nos.
84D01-1312-FB-3765,
84D01-1510-F3-2567

**Kirsch, Judge.**

[1] After the trial court revoked Anthony Thigpen, Jr.'s ("Thigpen") direct placement to a community corrections program, Thigpen appeals and

challenges the trial court's determination of credit time, which reflected a loss of all his good time credit. Thigpen raises the following restated issue: whether the community corrections program had the authority to deprive Thigpen of good credit time that he earned while on work release.

We reverse and remand with instructions.

## Facts and Procedural History

On December 11, 2013, the State charged Thigpen with Class B felony aggravated battery and Class C felony battery by means of a deadly weapon in Cause No. 84D01-1312-FB-3765 ("FB-3765"). *Appellant's App. Vol. II* at 118. In May 2014, pursuant to a written plea agreement, Thigpen pleaded guilty to the Class C felony, the Class B felony was dismissed, and Thigpen was sentenced to four years, all suspended to probation. *Id.* at 143-44, 174-76.

In October 2015, while he was still on probation in FB-3765, the State charged Thigpen with Level 6 felony arson in Cause No. 84D01-1510-F6-2576 ("F6-2576")[1] and with Level 3 felony aggravated battery in Cause No. 84D01-1510-F3-2567 ("F3-2567"). *Appellant's App. Confid. Vol. II* at 53, 67; *Appellant's App. Vol. II* at 11. On October 26, 2015, the State filed a notice of probation violation in FB-3765 based on these new charges. *Id.* at 200.

---

[1] The record before us reflects that the Level 6 felony arson charge was initially filed in Vigo Superior Court Division 6 under Cause No. 84D06-1510-F6-2512, *Appellant's App. Confid. Vol. II* at 67, but was later transferred and assigned Cause No. 84D01-1510-F6-2576. *Id.* at 17.

[5]     In April 2016, Thigpen pleaded guilty by written plea agreement to an amended count of Level 5 felony battery in F3-2567, admitted to violating his probation in FB-3765, and the State dismissed the arson charges in F6-2576. *Id.* at 42-43, 77. In accordance with the plea agreement, the trial court sentenced Thigpen in August 2016 to consecutive terms of five years in F3-2567 (the Level 5 felony battery) and to two years in FB-3765 (the probation violation), for a total of seven years, which was ordered to be served as a direct commitment to the Vigo County Community Corrections work release program. *Id.* at 83-84, 86-88. Thigpen entered the work release program five days later, on August 24, 2016.

[6]     During the next month, September 2016, Thigpen violated the terms of his placement on a number of occasions, and, following hearings, community corrections imposed sanctions for the violations, including loss of credit time. On September 19, 2016, the State filed, and later amended, a petition to revoke direct placement in the work release program ("petition to revoke"). *Id.* at 90-91, 94-95. At the October 14, 2016 hearing on the petition to revoke, Thigpen's work release case manager testified that Thigpen had lost a total of 120 days of credit time due to his violations. *Tr.* at 9, 13.

[7]     On October 21, 2016, the trial court revoked Thigpen's placement in the work release program, finding that he had violated the terms of his direct placement by possessing tobacco in violation of the rules and by leaving his whereabouts unknown on three occasions after having been allowed out for specific periods of time. *Tr.* at 25. The trial court ordered him to serve the previously-imposed seven-year sentence in D.O.C. *Id.*; *Appellant's App. Vol. II* at 104-05. With

respect to credit time, the trial stated, "You're entitled credit against that of six hundred and sixty-eight (668) days. Uh, you lost all your good time while you were in Vigo County Work Release based on Violations over there." *Tr.* at 25. In its written order, the trial court further explained that Thigpen received credit time of 303 days for actual time served from October 21, 2015 to August 18, 2016 in the Vigo County Jail, 303 days of good time credit, and 63 days of credit time for actual time served in the community corrections work release program from August 19, 2016 to October 20, 2016, but "lost all good time while in Vigo County Work Release." *Appellant's App. Vol. II* at 104. Thigpen now appeals.

## Discussion and Decision

[8] Thigpen concedes that "the trial court was well within its statutory authority to revoke Thigpen's placement and order him to serve the remainder of his sentence in the D.O.C.," but, he argues, it was error "to also deprive Thigpen of the credit time he earned while in the work release center." *Appellant's Br*. at 8. Based on our Supreme Court's recent decision in *Shepard v. State*, No. 84S01-1704-CR-190, 2017 WL 4707482 (Ind. Oct. 20, 2017), we agree.

[9] Thigpen argues that, under Indiana law, trial courts lack the authority to deprive a community corrections offender of earned credit time,[2] and, here, "the

---

[2] *See Pharr v. State*, 2 N.E.3d 10, 12 (Ind. Ct. App. 2013) (trial court exceeded its authority when it deprived defendant of credit time earned while in community corrections, as "only the [D.O.C.] has authority to deprive defendants of credit time").

trial court deprived Thigpen of the 63 days of credit time he had earned while serving in the work release program, even though it had no authority to do so." *Appellant's Br.* at 6. The State responds that the Vigo County Work Release Program, and not the trial court, deprived him of the good time credit he earned while on community corrections, as sanctions for his violations of the program. We agree with the State that the trial court did not make a sentencing decision to deprive Thigpen of good credit time; rather, the trial court acknowledged the fact that community corrections already had taken away good time credit based on conduct violations, and the trial court then incorporated that previous loss of good time credit into its sentencing decision. The question before us is whether the community corrections program director had the authority to deprive Thigpen of the good time credit.

[10] Thigpen correctly observes that offenders who are placed in a community corrections program earn both accrued time and good time credit time, similar to offenders who are housed in the D.O.C. *See* Ind. Code § 35-38-2.6-6(c) ("[A] person who is placed in a community correction program . . . is entitled to earn good time credit under IC 35-50-6-3 and IC 35-50-6-3.1."). Offenders also may be deprived of good time credit for bad behavior and conduct violations. Specifically, Indiana Code section 35-38-2.6-6(d) provides:

> A person who is placed in a community corrections program under this chapter may be deprived of earned credit time *as provided under the rules adopted by the department of correction* under IC 4-22-2. (Emphasis added.)

[11]     Relying on Indiana Code section 35-38-2.6-6(d), Thigpen argues on appeal, "The General Assembly has only authorized a defendant's good time credit earned in a community corrections program to be deprived under rules promulgated by [D.O.C.]. Yet no such rules have been promulgated." *Appellant's Br*. at 3. Therefore, he contends, "Only [D.O.C.] has the authority to deprive an offender of good time credit." *Id*. at 4. In its recent *Shepard v. State* decision, our Supreme Court agreed, holding that, absent a D.O.C. rule, a community corrections program may not deprive an offender of earned credit time. *Shepard*, 2017 WL 4707482, at *3-4.

[12]     In *Shepard*, the Court was presented with a similar set of facts to that which we face today: Shepard's direct placement in community corrections facility was revoked for failure to abide by the program's terms, the trial court ordered Shepard to serve the remainder of his sentence in D.O.C., and it determined that Shepard was not entitled to any good time credit for his time served in the work release program because the community corrections director had deprived Shepard of more good time credit days than he was entitled to receive. *Id*. at *1. Shepard appealed and argued that the trial court erred in denying him good time credit for days served in community corrections. *Id*. at *2. The Court of Appeals affirmed and found that the community corrections program did not lack the authority to revoke Shepard's good time credit, observing that "[r]equiring the trial court to ignore the program's deprivation of Shepard's credit time for his violations of the rules would have effectively nullified the

program's disciplinary actions." *Shepard v. State*, 68 N.E.3d 1103, 1005 (Ind. Ct. App. 2017), *trans. granted*.

[13] On transfer, our Supreme Court first observed that Indiana Code section 35-38-2.6-5 "outline[s] several actions a program director is authorized to take in instances when offenders violate terms of their placement in the program," and those are:

> (1) Change the terms of the placement.
>
> (2) Continue the placement.
>
> (3) Reassign a person assigned to a specific community corrections program to a different community corrections program.
>
> (4) Request that the court revoke the placement and commit the person to the county jail or department of correction for the remainder of the person's sentence.

*Shepard*, 2017 WL 4707482, at *4-5. The list does not include depriving an offender of good time credit. Next, the *Shepard* Court examined the plain language of Indiana Code section 35-38-2.6-6(d), which allows for the deprivation of good time credit for offenders directly placed in community corrections. The Court determined that the statute gave D.O.C. discretion to promulgate rules related to the deprivation of earned credit time, but in the absence of a D.O.C. rule delegating such authority to a community corrections program director, "only the D.O.C. is empowered to deprive an offender

directly placed into a community corrections program of earned credit time."[3] *Id*. at \*5. Therefore, the *Shepard* Court held that the community corrections director lacked authority to deprive Shepard of the good time credit he earned while serving in the program. *Id*.

[14] Pursuant to our Supreme Court's directive in *Shepard*, we likewise hold that the community corrections program lacked the authority to deprive Thigpen of any good time credit. Accordingly, we reverse the trial court's good time credit determination and remand with instructions to re-calculate Thigpen's earned credit time to include the 63 days he earned while serving in the work release program.

[15] Reversed and remanded with instructions.

Mathias, J., and Altice, J., concur.

---

[3] In its decision, the *Shepard* Court expressly observed, "To be clear, we find no reason to believe that the D.O.C. cannot in the future promulgate a rule under Indiana Code section 35-38-2.6-6(d), authorizing the director of a community corrections program to deprive offenders of earned good time credit. But for reasons not known to us, the D.O.C. has yet to delegate such authority." *Shepard*, 2017 WL 4707482, at \*5.