## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2017, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kristopher W. Bunting, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 20, 2017 <br><br> Court of Appeals Case No. <br> 84A05-1701-CR-97 <br><br> Appeal from the <br> Vigo Superior Court <br><br> The Honorable <br> John T. Roach, Judge <br><br> Trial Court Cause Nos. <br> 84D01-1212-FD-3827 <br> 84D01-1407-FC-1791 |

**Kirsch, Judge.**

[1] Kristopher W. Bunting ("Bunting") appeals the trial court's order revoking his probation and direct placement in community corrections and ordering him to

serve the balance of his original sentence. Bunting raises the following issue for our review: whether the trial court erred in not allocating Bunting good time credit for time served on work release in a community corrections program.

[2] We reverse and remand with instructions.

## Facts and Procedural History

[3] On July 9, 2013, Bunting pleaded guilty to Class D felony possession of methamphetamine and Class A misdemeanor possession of paraphernalia in cause number 84D01-1212-FD-3827 ("Cause 3827"). The trial court sentenced Bunting in Cause 3827 to concurrent, but suspended, sentences of two years for Class D felony possession of methamphetamine and one year for Class A misdemeanor possession of paraphernalia. Bunting was placed on formal probation for the remainder of his suspended sentence.

[4] On August 28, 2013, and again on January 21, 2014, the State filed a notice of probation violation against Bunting. On July 11, 2014, a third notice of probation violation was filed after Bunting was charged with new crimes in cause number 84D01-1407-FC-1791 ("Cause 1791") and for failing to take drug screens on three occasions. On February 4, 2016, Bunting pleaded guilty to the third probation violation and the charges in Cause 1791, which included four counts of Class C felony forgery and one count each of Class D felony theft and Class D felony fraud. The trial court ordered Bunting to serve the balance of his previously-suspended sentence in Cause 3827, which was one year and 341 days, and in Cause 1791 ordered Bunting to serve an aggregate seven years for

the six counts to which he pleaded guilty, with the sentences in Cause 1791 to be served concurrently and consecutive to the sentence in Cause 3827 for a total sentence of eight years and 341 days to be fully executed as a direct commitment to the Vigo County Work Release Program ("Work Release").

[5] On February 10, 2016, Bunting began serving his eight-year and 341-day executed sentence on Work Release. However, on August 18, 2016, Community Corrections filed a petition to revoke Bunting's direct placement on Work Release. The petition stated that Bunting had violated the terms and conditions of Work Release ten times. As a result of these violations, Bunting received various sanctions, which involved either a change in the term of his direct placement or a deprivation of his good time credit totaling 270 days. *Appellant's App*. at 103-04.

[6] A hearing was held on the petition on December 7, 2016, and at the conclusion, the trial court found that Bunting had violated the terms and conditions of his direct placement in Work Release. The trial court ordered Bunting to serve the remainder of his sentence, approximately five years, in the Indiana Department of Correction. In sentencing Bunting, the trial court gave him credit for 190 actual days served on Work Release and credit for 503 actual days previously-served in the Vigo County Jail, plus good time credit of 503 days, for a total of 1,196 days credit. Bunting now appeals, challenging the trial court's allocation of good time credit related to the time period served on Work Release in a community corrections program, and claiming that the trial court erred by not allocating good time credit for the time period that he served on Work Release.

# Discussion and Decision

[7] Bunting does not challenge the revocation of his community corrections placement, but instead, he contends that the trial court erred when it denied him credit time for the period he had served in the Work Release program. Specifically, he argues that neither the trial court nor the community corrections program director had the authority to deprive him of the credit time he earned while in direct placement on Work Release. Based on our Supreme Court's recent decision in *Shepard v. State*, No. 84S01-1704-CR-190, 2017 WL 4707482 (Ind. Oct. 20, 2017), we must agree.

[8] Bunting argues that, under Indiana law, only the Department of Correction ("DOC") has the authority to deprive defendants serving time as a direct placement to community corrections of earned credit time,[1] and, here, "the trial court incorporated a community corrections program director's disciplinary decision to deprive Bunting of all his good time credit into a final judgment revoking Bunting's direct commitment." *Appellant's Br.* at 7. The State responds that Community Corrections, and not the trial court, deprived him of the good time credit he earned while on Work Release, as sanctions for his violations of the program and that "a trial court is allowed to follow the disciplinary decisions of a local community corrections program in its

---

[1] *See Pharr v. State*, 2 N.E.3d 10, 12 (Ind. Ct. App. 2013) (trial court exceeded its authority when it deprived defendant of credit time earned while in community corrections because only the DOC has authority to deprive defendants of credit time).

sentencing order." *Appellee's Br.* at 15. We agree with the State that the trial court did not make a sentencing decision to deprive Bunting of good credit time and that, instead, the trial court recognized the fact that Community Corrections previously had taken away good time credit based on violations of the conditions of Work Release and then incorporated that prior loss of good time credit into its sentencing decision. We, therefore, must answer the question of whether the community corrections program director had the authority to deprive Bunting of the good time credit.

[9] Indiana Code section 35-38-2.6-3 authorizes trial courts to "suspend a sentence and order a person to be placed in a community corrections program as an alternative to commitment to the department of correction." Indiana Code section 35-38-2.6-6(c) provides that a "person who is placed in a community corrections program under this chapter is entitled to earn good credit time under" Indiana Code sections 35-50-6-3 and 35-50-6-3.3. But a person who is placed in a community corrections program "may be deprived of earned credit time as *provided under the rules adopted by the department of correction* under [Indiana Code chapter] 4-22-2." Ind. Code § 35-38-2.6-6(d) (emphasis added). However, the DOC has not promulgated any such rules.

[10] Bunting relies on Indiana Code section 35-38-2.6-6(d) for his contention that only the DOC has the authority to deprive a defendant of good time credit. Our Supreme Court recently agreed in its *Shepard v. State* decision and held that, absent a DOC rule, a community corrections program may not deprive an offender of earned credit time. *Shepard*, 2017 WL 4707482, at *3. In that case,

Shepard's direct placement in a community corrections facility was revoked for failure to abide by the program's terms, and the trial court ordered him to serve the remainder of his sentence in DOC. *Id*. at *1. The trial court determined that Shepard was not entitled to any good time credit for his time served in the program because the community corrections director had deprived Shepard of more good time credit days than he was entitled to receive. *Id*. Shepard appealed, arguing that the trial court erred in denying him good time credit for days served in community corrections, and a panel of this court rejected Bunting's argument, holding that the community corrections program did not lack the authority to revoke Shepard's good time credit. *Shepard v. State*, 68 N.E.3d 1103, 1106 (Ind. Ct. App. 2017), *trans. granted*. This court observed that "[r]equiring the trial court to ignore the program's deprivation of Shepard's credit time for his violations of the rules would have effectively nullified the program's disciplinary actions." *Id*.

[11] On transfer, our Supreme Court observed that, in Indiana Code section 35-38-2.6-5, our legislature listed several actions a program director is authorized to take in instances when offenders violate terms of their placement in the program, which include: (1) changing the terms of the placement; (2) continuing the placement; (3) reassigning the offender to a different program; or (4) requesting that the trial court revoke the offender's placement. *Shepard*, 2017 WL 4707482, at *3. The list does not include depriving an offender of good time credit. The *Shepard* Court then looked to the plain language of Indiana Code section 35-38-2.6-6(d) and concluded that the statute gave DOC

"discretion to promulgate rules related to the deprivation of earned credit time, including the delegation of such authority to other entities." *Id*. However, in the absence of any DOC rule delegating such authority to a community corrections program director, the Court held that "only the [DOC] is empowered to deprive an offender directly placed into a community corrections program of earned credit time." *Id*. The Court thus held that the community corrections director lacked authority to deprive Shepard of the good time credit he earned while serving in the program. *Id*.

[12] We, therefore, likewise hold that the community corrections program director in the present case lacked the authority to deprive Bunting of any good time credit. Accordingly, we reverse the trial court's good time credit determination and remand with instructions to re-calculate Bunting's earned credit time to include the days he earned while serving on Work Release.

[13] Reversed and remanded with instructions.

Mathias, J., and Altice, J., concur.